IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BEN MCCORMACK, ) | |
| ) | CIVIL ACTION NO. 3:22-cv-176 |
| Petitioner, ) | |
| ) | JUDGE KIM R. GIBSON |
| v. ) | |
| ) | |
| WARDEN MICHAEL UNDERWOOD ) | |
| and F.C.I. LORETTO, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM ORDER

This matter was referred to Magistrate Judge Keith A. Pesto (the "Magistrate Judge") for proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.

On October 11, 2022, Petitioner Ben A. McCormack's ("Mr. McCormack") "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" was placed on the docket. (ECF No. 1). In that Petition, Mr. McCormack indicated that he was incarcerated at Federal Correctional Institution ("F.C.I") Loretto. (*Id.* at 1). His primary request for relief was that he be afforded the Federal Time Credits ("FTCs") to which he was entitled under the First Step Act (the "FSA"). (*See* ECF No. 1).

In a Supplement to his Petition, Mr. McCormack offered several arguments that he contends demonstrate that the Federal Bureau of Prisons (the "BOP") was improperly calculating his FTC credits. (*See* ECF No. 3). At the conclusion of the Supplement to his Petition, he asserted the following:

> I have earned at least 390 days of FTC[s] and counting. With the FTC[s] that I have earned, I want the first 365 to be applied towards release and my new release date should be [January 23, 2024]. The remaining FTC[s] that I have and continue to earn I want applied to time off of my supervised release as the FSA states that I may use them for.

(*Id.* at 5).

On May 17, 2023, Respondent Michael Underwood ("Mr. Underwood") filed his Response to Mr. McCormack's Petition. (ECF No. 9). In that document, Mr. Underwood first argued that Mr. McCormack's Petition should be denied because he had not exhausted his administrative remedies. (*Id.* at 4–6). He next contended that the BOP has properly calculated and applied Mr. McCormack's FTCs. (*Id.* at 6–8). Specifically, he represented that, per the FSA, "280 days of FTCs were applied to [Mr. McCormack's] early transfer to his supervised release term." (*Id.* at 7).

On May 19, 2023, the Magistrate Judge issued a Report and Recommendation, recommending that the Court dismiss Mr. McCormack's Petition without prejudice because Mr. McCormack had failed to exhaust his administrative remedies. (ECF No. 10 at 1–2). Further, the Magistrate Judge noted that the parties had "fourteen days to file written objections to the Report and Recommendation." (*Id.* at 2). Finally, the Magistrate Judge stated that, in the "absence of timely and specific objections any appeal would be severely hampered or entirely defaulted." (*Id.* at 2–3).

Mr. McCormack's timely Objections to the Report and Recommendation were placed on the docket on June 1, 2023. (ECF No. 12). In those Objections, he admitted that he "did not exhaust administrative remedies prior to filing [his Petition.]" (*Id.* at 1). However, he requested

that the Court excuse his failure to exhaust his administrative remedies because he did exhaust those remedies after the filing of his Petition. (*Id.* at 1–3). Second, Mr. McCormack asserted that the BOP was not calculating his FTCs accurately because he had been "assessed as a low recidivism risk over more than two consecutive assessments[,]" meaning that he was statutorily-entitled to fifteen days of FTCs per month, not the ten days of FTCs that the BOP was awarding him on a monthly basis. (*Id.* at 3) (citing 18 U.S.C. § 3632(d)(4)(A)(i), (ii)).

Thereafter, on July 15, 2024, Mr. Underwood submitted a "Notice of Suggestion of Mootness[,]" indicating that Mr. McCormack was "released from the [BOP's] custody on March 5, 2024, via Good Conduct Time." (ECF No. 14 at 1). Along with that Notice, Mr. Underwood provided to the Court a document containing the "Public Information Inmate Data" for Mr. McCormack. (*Id.*). That document indicates that Mr. McCormack was scheduled for release from the custody of the BOP on March 5, 2024, having had 365 days' worth of credits applied under the FSA. (ECF No. 14-2 at 3).

In light of Mr. Underwood's Notice, the Magistrate Judge issued an additional Report and Recommendation on July 16, 2024, stating that, because the "injury the [P]etition sought to remedy is moot and cannot be remedied this matter should be dismissed." (ECF No. 15 at 1). Further, the Magistrate Judge apprised the parties of their right to file written objections to the Report and Recommendation within fourteen days and reiterated that a party's failure to file such objections would "limit further review of this matter[.]" (*Id.*).

Mr. McCormack has not filed Objections as of the date of this Memorandum Order, and the timeframe for doing so has expired. (*See* docket entry accompanying ECF No. 15).

Therefore, upon de novo review of the Report and Recommendation at ECF No. 10 and the related record, and upon review of the Report and Recommendation at ECF No. 15 and the related record under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 99–100 (3d Cir. 2017) (standard of review when no timely objections are filed), the Court accepts the Magistrate Judge's conclusion that Mr. McCormack's Petition is now moot.

Indeed, the Court finds that Mr. McCormack's release from federal custody renders his requests for relief moot insofar as those requests pertain to his custodial sentence within the BOP. *Malik v. Warden Loretto FCI*, No. 23-2281, 2024 WL 3649570, at *2 (3d Cir. Aug. 5, 2024) ("Because [Petitioner] has been released to prerelease custody, his request for release to such custody [is] moot."); *Powell v. Christensen*, No. 3:22-CV-1985, 2023 WL 2060712, at *2 (M.D. Pa. Feb. 16, 2023) ("On January 19, 2023, the BOP conducted a First Step Act Time Credit Assessment and calculated that [Petitioner] had 360 days of credits that have been applied towards his early release. As [Petitioner] has received 360 days of credits, he no longer has a concrete, redressable injury. This Court therefore lacks an opportunity to provide [Petitioner] with any meaningful relief in this habeas matter, and his challenge is moot.") (cleaned up); *cf. Abreu v. Superintendent Smithfield SCI*, 971 F.3d 403, 406 (3d Cir. 2020) ("Article III of the Constitution limits federal judicial Power to the adjudication of 'Cases' or 'Controversies.' For a case or controversy to exist, a petitioner, throughout each stage of the litigation, must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision. As a result, a habeas corpus petition generally

becomes moot when a prisoner is released from custody because the petitioner has received the relief sought.") (cleaned up). Accordingly, the Court dismisses with prejudice Mr. McCormack's requests for relief regarding the length of his custodial sentence within the BOP.

Finally, in the absence of Objections by Mr. McCormack, the Court dismisses his Petition without prejudice as moot insofar as he requests FTCs relative to his term of supervised release.[1]

---

[1] The Court briefly explains its decision on this score.

As the Court previously noted, in Mr. Underwood's Notice of Suggestion of Mootness, he provided evidence to the Court that Mr. McCormack had received 365 days of FTCs applied to his transfer to his supervised release term, an increase from the 280 days of FTCs listed in Mr. Underwood's Reply to Mr. McCormack's Petition. (ECF No. 9 at 7; ECF No. 14-2 at 3). In light of this reality, coupled with the fact that Mr. McCormack has not objected to the Magistrate Judge's Report and Recommendation at ECF No. 15 recommending the dismissal of his entire Petition as moot, it may well be the case that any potential issues that Mr. McCormack had relative to the calculation of his FTCs have now been resolved. In other words, the Court lacks any indication from Mr. McCormack that he presently disagrees with the number of FTCs that he has received, FTCs that were (at least largely) applied to reduce his period of custody within the BOP. Therefore, the Court denies his request for FTCs relative to his term of supervised release as moot.

However, Mr. McCormack did *previously* argue that he was entitled to receive such a number of FTCs that his term of supervised release would be reduced (assuming it can be under the law). (ECF No. 3 at 5).

Of course, even if Mr. McCormack were now actively requesting a reduction in his term of supervised release, such reduction would still need to be appropriate given the issue of exhaustion of administrative remedies. Indeed, the Court reiterates Mr. McCormack's concession that he did not exhaust his administrative remedies within the BOP prior to filing his Petition. (ECF No. 12 at 1). That fact alone mandates dismissal of a Petition, unless, for example, "the issue presented only pertains to statutory construction[.]" *Kurti v. White*, No. 1:19-CV-2109, 2020 WL 2063871, at *3 (M.D. Pa. Apr. 29, 2020). In this matter, it is not clear that an exception to the exhaustion requirement applies. Likewise, it is not clear whether, under the First Step Act, "unused earned time credits may be applied to reduce a defendant's time on supervised release." *Malik*, 2024 WL 3649570, at *2.

In short, given the status of this case, the Court will dismiss as moot Mr. McCormack's request that FTCs be applied to reduce his term of supervised release. However, given the measure of uncertainty relative

Therefore, the Court enters the following order:

**AND NOW**, this ___13th___ day of August, 2024, **IT IS HEREBY ORDERED** that Petitioner Ben A. McCormack's ("Mr. McCormack") "Petition for a Writ of Habeas Corpus Under 28 U.S.C. 2241[,]" (ECF No. 1), is **DISMISSED WITH PREJUDICE AS MOOT** insofar as Mr. McCormack requests relief relative to the length of his custodial sentence within the BOP. The Court reaches that conclusion for the reasons stated in the Report and Recommendation at ECF No. 15 and those above.

**IT IS FURTHER ORDERED** that Mr. McCormack's Petition (ECF No. 1) **IS DISMISSED WITHOUT PREJUDICE AS MOOT** insofar as Mr. McCormack requests that he be afforded FTCs that reduce his term of supervised release. Mr. McCormack shall have **twenty-eight days** from the date of this Memorandum Order to file an Amended Petition relative to the issue of any FTCs that might potentially reduce his term of supervised release. In the event that Mr. McCormack does not so file, the Court's dismissal of his requests for relief relative to his term of supervised release shall become a dismissal with prejudice. The Court reaches these conclusions for the reasons stated in the Report and Recommendation at ECF No. 15 and those above.

---

to Mr. McCormack's claims on that score, the Court dismisses this particular aspect of his request without prejudice.

**IT IS FURTHER ORDERED** that the Report and Recommendation at ECF No. 15 is adopted as the opinion of the Court for its conclusions. The Clerk shall terminate the Report and Recommendation at ECF No. 10. Finally, the Court need not address the issue of a certificate of appealability, and the Clerk shall mark this case closed. *Daley v. Fed. BOP*, 192 F. App'x 106, 109 (3d Cir. 2006) ("Accordingly, we conclude that [Petitioner's Petition] is most properly construed as a request for relief under section 2241, and that no COA is required here."); *see also* 28 U.S.C. § 2253(c)(1) ("Unless a circuit judge or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process *issued by a State court*; or (B) the final order in a proceeding under *section 2255*.") (emphasis added). In the event that Mr. McCormack files an Amended Petition within twenty-eight days of the date of this Memorandum Order, the Clerk shall reopen this matter.

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE

**Notice by U.S. mail to:**

Ben McCormack
Renewal, Inc.
339 Boulevard of the Allies
Pittsburgh, PA 15222